

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2006

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Santiago" (2006). *2006 Decisions.* Paper 1078.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1078

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2917

———

UNITED STATES OF AMERICA

v.

MIGUEL SANTIAGO,
                                      Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 01-cr-00363-4
District Judge:  The Honorable Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

———

Before: BARRY, SMITH and ALDISERT, Circuit Judges

———

(Opinion Filed:    May 19, 2006)

———

OPINION

———


BARRY, Circuit Judge

**I.**

Appellant Miguel Santiago was named in Count One of a 51-count indictment

returned on June 26, 2001. Pursuant to an agreement with the government, he pled guilty to conspiracy to distribute more than fifty grams of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. The agreement referenced Santiago's understanding that the applicable mandatory minimum sentence was 10 years.[1]

At his August 14, 2002 change of plea hearing, Santiago confirmed the accuracy of the government's summation of the plea agreement with its provisions, among others, that "the Government d[id] not intend to move for a departure from any statutory mandatory minimum term of imprisonment. . . ." (A36) and that no "promise or assurance . . . of any kind other than what is set forth in the plea agreement" had been made "to convince or induce [him] to plead guilty. . . ." (A39) Furthermore, Santiago replied in the affirmative when asked whether he understood that the mandatory minimum was 10 years and "could go to life," and knew that he could not withdraw his guilty plea if the resulting sentence was "more severe . . . than [he] expect[ed] or than anyone else recommend[ed]." (A49-50) As for his competency to give such assurances, Santiago stated that the daily pill he took for a psychiatric condition did not affect his ability to understand the proceedings.[2] (A33-34)

---

[1] Santiago also understood that he would not be permitted to "withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement," and that "[n]o one ha[d] promised or guaranteed to [him] what sentence the Court will impose." (A24)

[2] At the sentencing hearing, Santiago's counsel informed the District Court that "in spite of the . . . psychological difficulties that he does have, he is right now being fairly well managed." (A63 ("If he remains on the same meds and he's given some of the type

2

At the time of his June 8, 2005 sentencing hearing, Santiago was facing an advisory Guidelines range of 292 to 365 months. The District Court granted the government's motion for a downward departure for substantial assistance, however, and sentenced Santiago to 120 months in prison, the statutory mandatory minimum.

## II.

The Supreme Court has stated that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967) "That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Accordingly, we adopted Local Appellate Rule 109.2(a), which instituted the following procedure:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. . . . If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

Pursuant to *Anders* and our local rule, counsel submitted a brief arguing that there are no non-frivolous arguments on appeal and filed a motion seeking to withdraw as counsel; the government responded; and Santiago filed a *pro se* brief.

---

of programs that are available in the standard Federal institution, as opposed to detention center, that should be appropriate."))

3

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). Santiago's counsel raised and dismissed potential appellate arguments of the lack of jurisdiction, the invalidity of Santiago's guilty plea, and the illegality of the sentence. We agree that the District Court had jurisdiction, conducted a sufficient colloquy to ensure that Santiago entered his plea knowingly and voluntarily, and imposed a legal sentence. Santiago claims in his *pro se* brief, however, that his plea "was not entered willingly, knowingly, and voluntarily." More specifically, he contends the "government conveyed" to him that as a result of the substantial assistance motion he would face no more than eight years in prison. He also argues that his psychiatric condition prevented him from knowingly entering a plea. His contentions find no support in the record.

Santiago confirmed at the change of plea hearing that he was aware of the statutory mandatory minimum sentence, understood that the government had no intention of seeking a departure below that term and, in any event, knew that he could not challenge a legal sentence "more severe . . . than [he] expect[ed] or than anyone else recommend[ed]." In regard to his competency, the District Court appropriately inquired about his psychiatric condition, and Santiago confirmed his ability to understand the proceedings. No further inquiry was necessary, and no further proceeding required.[3] We

---

[3] *See* 18 U.S.C. § 4241(a) (requiring a competency hearing be held "if there is reasonable cause to believe that the defendant may presently be suffering from a mental

note that Santiago does not suggest on appeal what it was about his psychiatric condition, whether at the time of his change of plea or at sentencing, that affected his competency to make the requisite decisions.

## III.

There being no non-frivolous grounds for appeal, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.[4]

---

disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

[4] Furthermore, we certify "that the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court." 3d Cir. L.A.R. 109.2(b). Accordingly, appointed counsel in this case "shall be under no obligation to file a petition." *Id.*